UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ONE HUNDRED SEVENTY-NINE THOUSAND, NINE HUNDRED DOLLARS ($179,900.00) U.S. CURRENCY, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT OF FORFEITURE *IN REM*

COMES NOW, Plaintiff the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Stephen Casey, Assistant United States Attorney, for said district, and for its Verified Complaint for Forfeiture states as follows:

1. This is a civil action *in rem* brought by the United States seeking forfeiture of $179,900.00 in U.S. currency (the "defendant currency") that was seized from Davoud Sadeghi Abandansari (hereafter, "Abandansari").

2. The defendant currency is currently in the possession and custody of the United States within the Eastern District of Missouri.

3. As described more fully below, the defendant currency is subject to civil forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Sections 981(a)(1)(A) and (C)..

1

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

5. Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri. Venue is also proper pursuant to Title 28, United States Code, Section 1395(b) because the defendant currency was seized in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

6. Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

7. Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transferring, delivering, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

8. Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds

of a specific unlawful activity, including violations of the Controlled Substances Act, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

9. Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of Section 1956 of Title 18, or any property traceable to such property, is subject to civil forfeiture.

10. Title 18, United States Code, Section 1952 criminalizes traveling in interstate commerce with the intent to distribute the proceeds of any unlawful activity, including a business enterprise involving controlled substances, or otherwise promoting, managing, establishing, carry on, or facilitating the promotion, management, establishment, or carrying on, of such unlawful activity.

11. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952 is subject to civil forfeiture.

## FACTS GIVING RISE TO FORFEITURE

12. On March 3, 2018, DEA Task Force Officers from the Phelps County Sheriff's Department were patrolling Interstate Highway 44 (I-44) near mile marker 194 in Rolla, Missouri. Officers saw a tan Volvo with New York license HTU3623 traveling west in the fast lane

13. Officers witnessed the vehicle commit a traffic violation and conducted a traffic stop. During the stop, officers identified the driver as Abandansari. Officers determined Abandansari rented the vehicle.

14. Abandansari told officers that he flew to Detroit, Michigan where he has numerous

business locations and was driving back home to California. Officers asked Abandansari why he chose to drive back as opposed to flying back. Abandansari stated that he could not find a flight and stated that he was going to stop in Phoenix, Arizona where he had additional business locations he needed to check and did not mind the drive. When asked why he did not fly to Phoenix, Abandansari said that he had three business locations in St. Louis, Missouri he had planned on checking.

15. Officers asked Abandansari about his business locations in St. Louis and how he was able to visit them in such a short period of time. Abandansari stated that he decided not to visit his business locations in St. Louis. He stated that he was actually looking to expand his business and was supposed to meet with a local businessman in St. Louis but could not get a hold of him.

16. Officers asked Abandansari if there was anything illegal inside the vehicle including large amounts of US currency to which he responded "no". Abandansari also stated that there was no cash inside the vehicle.

17. Officers obtained verbal consent from Abandansari to search the vehicle. During the search, officers located a tan carry-on bag in the rear seat area. Officers unzipped the bag and located a tan moneybag. Officers pulled a second bag from the tan moneybag and opened it. Inside the plastic bag were numerous bundles of US currency. The US currency was later counted and totaled to be $179,900.00.

18. Abandansari stated that there was around $170,000 in the bag and that he received it from selling property. When asked why he had not been honest, Abandansari stated that he was asked if "he" had any currency and explained that the currency did not belong to him. Abandansari stated that if he would have been asked if there was "any" cash inside the bag he would have told

them.

19. Abandansari admitted that he was not truthful and did not know why he lied.

20. Abandansari agreed to follow officers back to the Sheriff's Department for a further search of the vehicle.

21. Upon arrival, a trained drug detection dog was used and alerted to the carry-on bag for the odor of a controlled substance.

22. Pursuant to the search, Abandansari was interviewed by officers. Abandansari would not give specific information and gave the following discrepancies:

23. Abandansari stated that he flew to Detroit where he was given $200,000 as a land sale. He claimed the first cash payment was $15,000 but could not remember when he received it or what he did with it. Abandansari stated the cash came from a trust fund but could not give specifics of how he physically picked the money up. When asked about documentation, Abandansari stated that he left his briefcase in a parked vehicle in Detroit. Abandansari admitted that he lied to officers about having business locations in St. Louis and Phoenix and about staying at his home in Michigan when he actually stayed in a hotel.

24. Abandansari identified his contact for the money as "Fuad" and agreed to make a call to "Fuad". A male subject answered the call and appeared to know Abandansari, however once the officers identified themselves the male subject became uncooperative. The male subject was asked if he knew Abandansari and he replied "no". Abandansari interrupted the conversation coaching the male subject about a land sale. The male subject then stated that he sold some land to Abandansari. The male subject stated that he wired the money to Abandansari. Officers asked the male subject if he met and gave anything to Abandansari to which the male subject was silent and stated that he did not wish to talk any further.

25. When asked to relinquish the bag containing the currency, Abandansari became verbally combative stating that they had no right to take his money. Officers asked who the money belonged to and Abandansari stated that it was going to a trust fund for his children once he arrived in California. Officers asked if they could call his adult children regarding the money and Abandansari replied that they were not aware of any specifics.

## COUNT ONE – FORFEITURE
## 21 U.S.C. § 881(a)(6)

26. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 25 above as if fully set forth herein.

27. The defendant currency was seized in transit to a known narcotics source area and was being carried by an individual who provided inconsistent stories of its source and ownership, ultimately disclaiming ownership. As additional confirmation that the defendant currency was money furnished or intended to be furnished in exchange for a controlled substance, a trained narcotics canine alerted positively to the presence of a controlled substance on the defendant currency.

28. Based on the foregoing, the defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, or as proceeds traceable to such exchange, and as money used or intended to be used to facilitate any violation of the Controlled Substances Act.

## COUNT TWO – FORFEITURE
## 18 U.S.C. § 981(a)(1)(A)

29. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 25 above as if fully set forth herein.

30. The defendant currency is proceeds of an unlawful activity involving controlled

substances and was transported by and through the Eastern District of Missouri by Abandansari with the intent to promote the carrying on of, and to conceal or disguise the nature, location, source, ownership or control of, a specified unlawful activity.

31. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

## COUNT THREE – FORFEITURE
## 18 U.S.C. § 981(a)(1)(C)

32. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 25 above as if fully set forth herein.

33. The defendant currency is proceeds of an unlawful activity involving controlled substances that travelled with Abandansari in interstate commerce with the intent to distribute it, and otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity involving controlled substances.

34. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(C) as property that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued for the defendant property and the defendant property be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America

be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

                                                              Respectfully submitted,

                                                              JEFFREY B. JENSEN
                                                              United States Attorney

                                                              */s/ Stephen Casey*
                                                              STEPHEN CASEY, #58879MO
                                                              Assistant United States Attorneys
                                                              111 South Tenth Street, 20th Floor
                                                              St. Louis, Missouri 63102

## VERIFICATION

I, Task Force Officer Ashley M. Cummins, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint in rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer of the Drug Enforcement Administration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   7-25-2018
                (date)

*Ashley Cummins* (signature)
Ashley M. Cummins
Task Force Officer
Drug Enforcement Administration

🖇 JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❒ 1  U.S. Government Plaintiff
- ❒ 2  U.S. Government Defendant
- ❒ 3  Federal Question (U.S. Government Not a Party)
- ❒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated or Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated and Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | **PERSONAL INJURY** | **PERSONAL INJURY** | | | |
| ❒ 110 Insurance | ❒ 310 Airplane | ❒ 362 Personal Injury - Med. Malpractice | ❒ 610 Agriculture | ❒ 422 Appeal 28 USC 158 | ❒ 400 State Reapportionment |
| ❒ 120 Marine | ❒ 315 Airplane Product Liability | ❒ 365 Personal Injury - Product Liability | ❒ 620 Other Food & Drug | ❒ 423 Withdrawal 28 USC 157 | ❒ 410 Antitrust |
| ❒ 130 Miller Act | ❒ 320 Assault, Libel & Slander | ❒ 368 Asbestos Personal Injury Product Liability | ❒ 625 Drug Related Seizure of Property 21 USC 881 | | ❒ 430 Banks and Banking |
| ❒ 140 Negotiable Instrument | | | ❒ 630 Liquor Laws | **PROPERTY RIGHTS** | ❒ 450 Commerce |
| ❒ 150 Recovery of Overpayment & Enforcement of Judgment | ❒ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ❒ 640 R.R. & Truck | ❒ 820 Copyrights | ❒ 460 Deportation |
| ❒ 151 Medicare Act | ❒ 340 Marine | ❒ 370 Other Fraud | ❒ 650 Airline Regs. | ❒ 830 Patent | ❒ 470 Racketeer Influenced and Corrupt Organizations |
| ❒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❒ 345 Marine Product Liability | ❒ 371 Truth in Lending | ❒ 660 Occupational Safety/Health | ❒ 840 Trademark | ❒ 480 Consumer Credit |
| ❒ 153 Recovery of Overpayment of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 380 Other Personal Property Damage | ❒ 690 Other | | ❒ 490 Cable/Sat TV |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle Product Liability | ❒ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ❒ 810 Selective Service |
| ❒ 190 Other Contract | ❒ 360 Other Personal Injury | | ❒ 710 Fair Labor Standards Act | ❒ 861 HIA (1395ff) | ❒ 850 Securities/Commodities/ Exchange |
| ❒ 195 Contract Product Liability | | | ❒ 720 Labor/Mgmt. Relations | ❒ 862 Black Lung (923) | ❒ 875 Customer Challenge 12 USC 3410 |
| ❒ 196 Franchise | | | ❒ 730 Labor/Mgmt.Reporting & Disclosure Act | ❒ 863 DIWC/DIWW (405(g)) | ❒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 740 Railway Labor Act | ❒ 864 SSID Title XVI | ❒ 891 Agricultural Acts |
| ❒ 210 Land Condemnation | ❒ 441 Voting | ❒ 510 Motions to Vacate Sentence | ❒ 790 Other Labor Litigation | ❒ 865 RSI (405(g)) | ❒ 892 Economic Stabilization Act |
| ❒ 220 Foreclosure | ❒ 442 Employment | **Habeas Corpus:** | ❒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❒ 893 Environmental Matters |
| ❒ 230 Rent Lease & Ejectment | ❒ 443 Housing/ Accommodations | ❒ 530 General | | ❒ 870 Taxes (U.S. Plaintiff or Defendant) | ❒ 894 Energy Allocation Act |
| ❒ 240 Torts to Land | ❒ 444 Welfare | ❒ 535 Death Penalty | | ❒ 871 IRS—Third Party 26 USC 7609 | ❒ 895 Freedom of Information Act |
| ❒ 245 Tort Product Liability | ❒ 445 Amer. w/Disabilities - Employment | ❒ 540 Mandamus & Other | | | ❒ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❒ 290 All Other Real Property | ❒ 446 Amer. w/Disabilities - Other | ❒ 550 Civil Rights | | | ❒ 950 Constitutionality of State Statutes |
| | ❒ 440 Other Civil Rights | ❒ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ❒ 1 Original Proceeding
- ❒ 2 Removed from State Court
- ❒ 3 Remanded from Appellate Court
- ❒ 4 Reinstated or Reopened
- ❒ 5 Transferred from another district (specify)
- ❒ 6 Multidistrict Litigation
- ❒ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❒ Yes ❒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.          Example:          U.S. Civil Statute: 47 USC 553
                                                                                     Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

                     , )
          plaintiff, )
                       )
v.                       )   Case No.
                       )
                    , )
         defendant. )

## ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

    THIS CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER_____ AND ASSIGNED TO THE HONORABLE JUDGE_____.

    NEITHER THIS CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, PREVIOUSLY HAS BEEN FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date:_____

_____
Signature of Filing Party