```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-1268 CAS |
| ) | |
| ONE HUNDRED SEVENTY-NINE ) | |
| THOUSAND, NINE HUNDRED DOLLARS ) | |
| ($179,900.00) U.S. CURRENCY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on claimant Davoud Sadeghi Abandansari's ("claimant") motion to dismiss, converted by the Court to a motion for summary judgment, pursuant to Rule 12(d), Federal Rules of Civil Procedure. The government opposes the motion. Claimant has not filed a reply and the time to do so has passed. For the following reasons, the motion will be denied without an evidentiary hearing.

## I.    *Background*

On March 3, 2018, Drug Enforcement Administration ("DEA") Task Force Officers ("officers") from the Phelps County Sheriff's Department witnessed claimant commit a traffic violation and conducted a stop of his vehicle, a rented Volvo with a New York license plate. The officers asked claimant whether he was transporting any illegal goods, including large amounts of currency, which he denied. The officers requested and obtained verbal consent from claimant to search the rented motor vehicle. During the search, the officers located a bag containing one hundred and seventy-nine thousand dollars ($179,900.00).

Claimant admitted to being untruthful and agreed to follow the officers to the Sheriff's Department for a further search of the vehicle. Upon arrival, a trained drug detection dog was used and alerted to the bag for the odor of a controlled substance. Claimant was interviewed, but did not provide specific information regarding his acquisition of the currency. The currency was seized for forfeiture pursuant to 21 U.S.C. § 881 as property related to a drug offense and 21 U.S.C. § 981 as proceeds of an unlawful activity involving controlled substances.

The State of Missouri filed an application to transfer the currency from the custody of local law enforcement to the custody of the federal government pursuant to Missouri Revised Statutes § 513.647. The application to transfer was certified on March 12, 2018. A notice of transfer was mailed to claimant on March 13, 2018 at his last known addresses. The Circuit Court of Phelps County, Missouri granted the transfer on March 26, 2018.

On May 1, 2018, the DEA mailed a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings by certified mail to claimant's last known addresses in Pasadena, California and Bloomfield Hills, Michigan, as well as to claimant's current counsel of record, David Mueller, Esq., in St. Louis, Missouri.

On May 3, 2018, claimant filed David Sadeghi Abandansari v. United States of America, No. 4:18-CV-695 NAB (E.D. Mo.). In that case, claimant filed a motion for return of property in lieu of a formal complaint. The government timely responded. On July 31, 2018, the government initiated the instant action by filing a Verified Complaint of Forfeiture *In Rem*. On September 10, 2018, claimant voluntarily dismissed Case No. 4:18-CV-695 NAB and filed a motion to dismiss in the instant case.

In claimant's motion to dismiss, he argues that this action should be dismissed and the property at issue returned to him because the government failed to provide him with timely notice of the forfeiture proceedings as required by the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983(a).

The government's response to claimant's motion to dismiss included documentation intended to establish that it timely and properly satisfied the statutory notice requirements. Claimant did not file a reply to the government's response.

On January 10, 2019, this Court issued an Order converting claimant's motion to dismiss into a motion for summary judgment on the basis that "the Court finds it necessary to consider material outside the scope of the pleadings in determining the issue of adequate notice." [Doc. 26] The parties were permitted until January 24, 2019 to submit any additional materials, limited to the issue of notice. Neither party submitted additional materials and the time to do so has expired.

## II.     *The Claimant's Converted Motion For Summary Judgment*

In the instant motion, claimant contends that this action should be dismissed and the currency returned to him because the government's forfeiture proceedings were untimely filed pursuant to CAFRA, 18 U.S.C. § 983(a), which provides in pertinent part:

> [I]n any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than **60 days** after the date of the seizure.
>
> . . .
>
> In a case in which the property is seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency for the purpose of forfeiture under Federal law, notice shall be sent not more than **90 days** after the date of seizure by the State or local law enforcement agency.

(Emphasis added).

Due process in a federal administrative forfeiture requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." United States v. Woodall, 12 F.3d 791, 794 (8th Cir. 1993) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Federal district courts have jurisdiction to review whether an administrative forfeiture satisfied statutory and due process requirements. Woodall, 12 F.3d at 793. "Whether notice was adequate is measured *at the time notice was sent*." Ivester v. Lee, 991 F. Supp. 1113, 1120 (E.D. Mo. 1998), aff'd, 168 F.3d 493 (8th Cir. 1999) (emphasis added).

Here, the currency was seized on March 3, 2018. The government sent claimant a Notice of Transfer on March 13, 2018, ten days after the currency was seized. The government sent claimant a "Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings" on May 1, 2018, fifty-nine days after the currency was seized. The documents attached to the government's opposition to claimant's motion to dismiss evidence that the Notice of Seizure was sent to claimant's last known addresses in Pasadena, California and Bloomfield Hills, Michigan, and to claimant's current counsel of record, David Mueller, at his law office located in St. Louis, Missouri. Thus, proper notice was timely sent to claimant within both the sixty- and ninety-day time frames required by CAFRA, 18 U.S.C. § 983(a) and (b). Claimant has not challenged the government's evidence or submitted any documentation to support that these notices were not sent on March 13, 2018 and May 1, 2018, respectively, nor has claimant sought to establish that the government had any reason to know that the addresses to which it sent notice would be ineffective. Therefore, claimant's motion to dismiss, converted to a motion for summary judgment, will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that claimant Davoud Sadeghi Abandansari's motion to dismiss, converted to a motion for summary judgment, is **DENIED**.  [Doc. 15].

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   31st   day of January, 2019.